RONALD FORT
P.O. BOX 182
CAYUCOS, CA 93430
805-712-7045

IN PRO PER

**ADR**

FILED
2007 SEP 21 A 9:57
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

Fee Paid
(5)
NP

UNITED STATES FEDERAL DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
~~WESTERN~~ DIVISION
Nathan

C07 04890

RONALD FORT,                    ) Case No:
                                )
        Plaintiff,              ) COMPLAINT FOR AGE DISCRIMINATION
                                ) UNDER AGE DISCRIMINATION IN EMPLOYMENT ACT
    vs.                         )
                                )
OPTIONS CENTRAL COAST NEUROBEHAVIOR )
                                )
CENTER, INC,                    )
                                )
        Defendant

### JURISDICTION

This court is the proper jurisdictional venue pursuant to 28 U.S.C. §1343. Plaintiff's civil rights have been injured pursuant to the Age Discrimination in Employment Act. The ADEA is the proper exercise of congressional enforcement power under §5 of the 14th Amendment.

Plaintiff filed an EEOC Complaint in October 2006 which was dismissed and then received his notice of right to sue on June 28, 2007.

### STATEMENT CLAIMANT IS ENTITLED TO RELIEF

Plaintiff is a white male Vietnam veteran, age 62. Plaintiff has been in the employ of Options Central Coast Neurobehavior Center, Inc. for approximately 4 years.

[Summary of pleading] - 1

Prior to February 2006 Plaintiff was scheduled for and worked 4 hours per week with occasional overtime at time and a half. Since then Plaintiff has not been allowed to work 40 hours per week and has been deliberately kept at 32 hours per week with no overtime.

Plaintiff has one of the best attendance records and has used no sick time or vacation in the past 4 years. Plaintiff's work performance evaluations have always been above average. Please see Exhibit "A" attached hereto. Plaintiff has never asked for any kind of special consideration because of his age such as refusal to participate in a containment, lift or move any thing or to escort clients by himself. All of Plaintiff's co-workers at the Allegro Center are more than twenty years younger than Plaintiff. During the first part of September 2006 the company opened another care center. All of Plaintiff's co-workers were asked if they wanted a position at the new facility. There have also been instances of several employees younger than Plaintiff and with less time with the company being given full-time employment over Plaintiff.

In June 2006 Plaintiff met with the CEO and Human Resources Director of Options and was told to avoid being laid off he would have to take a demotion from Psychiatric Technician to Community Services Specialist resulting in a pay decrease from $17.25 per hour to $14.50 per hour. Plaintiff agreed on the condition he would be scheduled for 40 hours per week. Plaintiff was told these conditions would start on July 1, 2006. The demotion took place however, Plaintiff was not restored to a 40 hour work week.

Upon Plaintiff's filing claims with the California Department of Fair Employment & Housing Complaint E200607-G-0555-0-ame and EEOC, Options presented Plaintiff with a confidential settlement agreement and general release of all claims for the sum of $5,000.00. Please see Exhibit "B" attached hereto. Plaintiff did not sign this agreement.

1  WHEREFRORE, Plaintiff prays for:

2  1.   Lost wages incurred by loss of hours and reduction of his pay due to
3       a change in his classification,
4  2.   For attorney fees and costs of this suit,
5  3.   For bad faith,
6  4.   Any and all other damages this court deems just and proper.

                            Dated this  *Ronald W Fort*
                                        RONALD FORT
                                        P.O. BOX 182
                                        CAYUCOS, CA 93430

ALLEN K. HUTKIN
PRINCIPAL

JEFFREY H. WONG
OF COUNSEL

# ALLEN K. HUTKIN
ATTORNEY AT LAW
1229 HIGUERA STREET, FIRST FLOOR
SAN LUIS OBISPO, CALIFORNIA 93401

TELEPHONE
(805) 544-1500

FACSIMILE
(805) 544-1532

## FAX COVER SHEET

**TO:** Jeffrey D. Stulberg, Esq.

**FAX NO:** (805) 544-7006

**FROM:** Allen K. Hutkin

**RE:** *Fort v. Options*

**DATE:** June 29, 2007

**NO. PAGES:** _11_ (INCLUDING THIS COVER SHEET)

**MESSAGE:** Mr. Stulberg: Attached is the Confidential Settlement Agreement and General Release of All Claims I have drafted for this matter. Please contact me if you have questions.

## CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for the return of the original documents to us. If this fax is incomplete or difficult to read, please call (805) 544-1500.

## CONFIDENTIAL SEVERANCE AGREEMENT
## AND GENERAL RELEASE OF ALL CLAIMS

This Severance Agreement and General Release of All Claims ("Agreement") is entered into between Ronald Fort ("Employee") and Options Central Coast Neuro Behavior Center, Inc. and all related holding, parent or subsidiary entities and their affiliates, directors, officers, representatives, agents, principals, partners and employees, stockholders, predecessors and successors and/or assigns, insurers, and attorneys (all collectively referred to as "Options" or "Employer").

1. <u>Termination of Employment</u>. Employee's employment with Employer is terminated effective immediately upon executing this Agreement ("the termination date"). Employee is not eligible for re-hire.

2. <u>Admission of At-Will Employment</u>. Employee admits that he is an at-will employee.

3. <u>Additional Employee Acknowledgments</u>. Employee hereby additionally acknowledges, represents and agrees as follows: Employer has no policy with respect to the payment of severance or salary continuation to any employee whose employment with Employer is terminated, and Employer is under no obligation to pay Employee salary or benefit continuation or any other sum except as provided in this Agreement.

4. <u>Dismissal of Specific Claims</u>: Employee shall immediately dismiss or cause to be dismissed California Department of Fair Employment & Housing Complaint E200607-G-0555-00-ame, "Fort/Options Central Coast Neuro Behavior Center, Inc.," filed on or about November 15, 2006. Employee shall immediately dismiss or cause to be dismissed U.S. Equal Opportunity Employment Commission charge of discrimination No. 37A-2007-05043.

5. <u>Severance</u>. In consideration of, and in return for, the promises contained in this Agreement, and as full and final compensation to Employee for all services as an employee:

Severance Agreement and General Release of All Claims
June 29, 2007
Page 2 of 10

    a.    Employee shall receive from Employer, the sum of $5,000.00, less normal deductions, for full settlement of this matter.

    b.    Employee shall have the right to continue his/her medical and dental insurance, at Employee's sole expense, pursuant to the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") provided Employee timely elects COBRA continuation. The COBRA period shall be deemed to have commenced on the termination date;

    c.    Employee acknowledges and agrees that the severance provided for in this Agreement is payable only if Employee signs this Agreement; and

    d.    Employer warrants and Employee acknowledges that payments set forth above constitutes full payment of any and all claims of every nature and kind arising out of, or relating in any way to, Employee's employment by Employer or the termination thereof, benefits owed, or any other claims as outlined below.

6.    Release. In consideration of the above described payment, and for other good and valuable consideration, Employee agrees employment with Employer has terminated as of the termination date, and that Employee has received full payment of all wages, vacation accrued but not used, and any and all other sums due as a result of such employment by Employer. In further consideration of, and in return for the promises and covenants undertaken, Employee does hereby unconditionally, irrevocably and absolutely release and discharge Employer and all related holding, parent or subsidiary entities and their affiliates, directors, officers, representatives, agents, principals, partners and

Severance Agreement and General Release of All Claims
June 29, 2007
Page 3 of 10

employees, stockholders, predecessors and successors and/or assigns, insurers, and attorneys from any and all liability, claims, demands, causes of action, or suits of any

in any way connected with any transaction, affairs or occurrences between them to date, including, but not limited to, Employee's employment with Employer and the termination of said Employment. This Agreement shall include, but not be limited to, a release of claims arising under any state or federal statute or common law regulating or affecting employment, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, Age Discrimination in Employment Act, the Fair Labor Standards Act, federal and state wage and hour laws including, without limitation, the California Labor Code, California Government Code Sections 12940 et seq., any applicable California Industrial Wage Orders, all as amended, all claims for breach of contract, employment discrimination, sexual harassment, wages, severance, overtime compensation, vacation pay, torts, fraud, and/or claims any other local, state or federal law, rule, or regulation relating to or affecting Employee's employment by Employer, except any claim for unemployment insurance or worker's compensation.

7. <u>Claims</u>. In further consideration of the above described payments and benefits, and for other good and valuable consideration, Employee irrevocably and absolutely agrees that he will not prosecute nor allow to be prosecuted on his behalf in any administrative agency, whether federal or state, or in any court, whether federal or state, any claim or demand of any type related to the matters released above. It is the intention of the parties that, with the execution of this Agreement, Employer and all related

Severance Agreement and General Release of All Claims
June 29, 2007
Page 4 of 10

holding, parent or subsidiary entities and their affiliates, directors, officers, representatives, agents, principals, partners and employees, stockholders, predecessors and successors and/or assigns, insurers, and attorneys will be absolutely, unconditionally and forever discharged of and from all obligations to or on behalf of Employee related in any way to the matters released. Employee represents that he has not filed any complaint, charges or lawsuits against Employer, notwithstanding those claims listed in No. 4 above, or any related holding, parent or subsidiary corporations (including their affiliates, officers, directors, and employees) with any governmental agency or any court.

8. <u>Unknown Claims</u>. Employee understands and agrees that this Agreement extends to all claims of every nature, known or unknown, suspected or unsuspected, past or present, and that any and all rights granted to Employee under Section 1542 of the California Civil Code or any analogous federal law or regulation are hereby expressly waived. Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know of or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Employee certifies that he has read this release and the quoted Civil Code section and that he fully understands this release.

9. <u>Binding Effect</u>. This Agreement and all promises and agreements set forth in this Agreement shall be binding upon, and shall inure to the benefit of, the respective parties, their legal successors, heirs, assigns, partners, representatives, agents, attorneys, officers, directors and

Severance Agreement and General Release of All Claims
June 29, 2007
Page 5 of 10

shareholders. This document is a binding contract. Further, this document may be executed in duplicate originals.

10. <u>Entire Agreement</u>. Employee further declares and represents that no promise or representation not contained in this Agreement has been made to him and acknowledges and represents that this Agreement contains the entire understanding between the parties and contains all terms and conditions pertaining to the compromise and settlement of the subjects referenced in this Agreement. However, any Proprietary or Trade Secrets agreement, Non-Disclosure, Non-Solicitation, Work for Hire, or any agreement regarding Ownership of Intellectual Property by Employer Products entered into previously shall remain in full force and effect.

11. <u>Confidentiality</u>. Except as noted elsewhere in this paragraph of this Agreement, Employee shall keep the terms and conditions of this Agreement <u>completely and strictly confidential</u>. Neither the terms nor conditions of this Agreement nor the fact of its existence shall be disclosed to any person or entity via any medium, including the Internet. Upon inquiry regarding this action, Employee shall state only that this matter has been resolved to the satisfaction of all parties. **In the event that Employee discloses any of the terms and conditions thereof to any unpermitted person, he expressly agrees to pay $5,000 as liquidated damages for each disclosure, whether orally, in writing, or electronically. Employee expressly recognizes that the actual amount of damages flowing from said disclosure is not readily ascertainable and that the sum of $5,000 for each disclosure is a reasonable one. Employee so agrees to be bound.**

Dated: July ___, 2007                    _____

Severance Agreement and General Release of All Claims
June 29, 2007
Page 6 of 10

Ronald Fort

12. <u>Exceptions to Confidentiality.</u> The only exceptions to paragraph 8 are as follows:

   a. If the terms or conditions of this Agreement must be disclosed as required by law, or upon order of any court of competent jurisdiction in any action or administrative proceeding in which Employees is a party, or Employees is subpoenaed as a witness; or

   b. If the terms or conditions of this Agreement must be disclosed in order to remedy a breach of any term or condition herein; or

   c. Employee may inform his spouse or significant other, if any, and his parents, on the further condition that he advises such individuals in advance of disclosure that the terms and conditions of the Agreement are strictly confidential. Employee agrees to be held liable for any and all unpermitted disclosures of this Agreement by any family member and that any such unpermitted disclosure of this Agreement shall subject Employee to liability pursuant to paragraph 8; or

   d. Employee may inform his legal counsel and his tax or financial advisors, on the further condition that Employee advises such individuals in advance of disclosure that the terms and conditions of the Agreement are strictly confidential.

13. <u>No Damaging Statements or Actions.</u> The parties agree they will not make any statement or take any action, directly or indirectly, that harms, or could harm, the other party's business interests, reputation or good will. The parties agree that they will not make any oral or written defamatory, negative or otherwise disparaging statements about the other.

Severance Agreement and General Release of All Claims
June 29, 2007
Page 7 of 10

14. <u>Neutral Employee Reference.</u> Employer agrees that if asked for a reference regarding Employee or confirmation of employment, the only facts revealed will be the dates between which Employee worked for Employer and his most recent position/title. Employer will not provide any additional information, by word or action, that is intended to imply anything else regarding Employee's employment, unless compelled to do so by process of law. Further, if asked for additional information regarding Employee – such as whether he is eligible for rehire – Employer will indicate that it is its policy to limit the information released as to all employees to dates of employment and last position/title.

15. <u>No Hostility in Public.</u> The Employer and Employee agree that in the event they encounter one another in a public of social setting, they will not make openly hostile or antagonistic verbal comments to or about one another or engage in openly hostile or antagonistic non-verbal behavior directed at one another.

16. <u>No Admission of Liability.</u> This Agreement shall never be treated as an admission of liability by any party for any purpose.

17. <u>Confidential Information and Trade Secrets.</u> Employee acknowledges that all confidential materials, records and documents concerning Employer that have come into Employee's possession during his employment with Employer have been returned to Employer. Employee agrees not to disclose to any person or entity, including any competitor of Employer and any future employer, any of Employer's trade secrets or other confidential information. Employee acknowledges all Employer's property obtained during the course of his employment with Employer has been returned to Employer or shall be returned to Employer before the termination date. To the extent Employee has entered into any Proprietary or Trade Secrets

Severance Agreement and General Release of All Claims
June 29, 2007
Page 8 of 10

agreement, Non-Disclosure, Non-Solicitation, Work for Hire, or any agreement regarding Ownership of Intellectual Property by Employer Products, such agreements remain in effect, and if such agreements provide greater protection to Employer Products than this Agreement, such other agreements shall take precedence over this Agreement.

18. <u>Interpretations and Severability</u>. The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the State of California. This Agreement shall not be interpreted for or against either party on the ground that such party drafted or caused this Agreement to be drafted. If any provision of this Agreement, or part thereof, is held invalid, void, or voidable as against public policy, or otherwise, the invalidity shall not affect other provisions, or parts thereof, which may be given effect without the invalid provision or part. To this extent, the provisions and parts of this Agreement are declared severable.

19. <u>Construction.</u> The headings and titles of this Agreement are for convenience purposes only and are not intended to define, limit or construe the contents thereof. No provision of this Agreement shall be modified except by a written instrument duly signed and acknowledged by each of the parties hereto.

20. <u>Arbitration of Disputes</u>. Any dispute arising out of this Agreement or Employee's employment or termination shall be resolved by binding arbitration in San Luis Obispo, California, and the findings of the arbitrator shall be final and binding upon the parties.

21. <u>Attorneys' Fees</u>. In any dispute involving this Agreement, the prevailing party shall be entitled to attorneys' fees and costs.

22. <u>Age Discrimination in Employment Act Release</u>.

Severance Agreement and General Release of All Claims
June 29, 2007
Page 9 of 10

    a.    Employee acknowledges Employer hereby has advised Employee in writing to discuss this Agreement with an attorney before executing it and that Employer has provided Employee at least twenty-one (21) days within which to review and consider this Agreement before signing it.

    b.    The Parties acknowledge and agree that Employee may revoke this Agreement for up to seven (7) calendar days following the execution of this Agreement, and that it shall not become effective or enforceable until the revocation period has expired. The Parties further acknowledge and agree that such a revocation must be in writing, addressed to Allen K. Hutkin, 1229 Higuera St., First Floor, San Luis Obispo, CA, 93401, and received not later than 5:00 p.m. on the seventh (7th) day following execution of this Agreement by Employee. If Employee revokes this Agreement, it shall not be effective or enforceable and Employee will not receive the monies and benefits described above.

    c.    If Employee does not revoke this Agreement in the time frame specified in this section 20, the Agreement shall become effective at 12:01 a.m. on the eighth (8th) day after it is signed by Employee.

**I HAVE READ THE FOREGOING CONFIDENTIAL SEVERANCE AGREEMENT AND GENERAL AGREEMENT OF ALL CLAIMS AND I ACCEPT AND AGREE TO THE PROVISIONS CONTAINED IN THIS AGREEMENT AND EXECUTE IT VOLUNTARILY AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES. HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, I FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION,**

Severance Agreement and General Release of All Claims
June 29, 2007
Page 10 of 10

ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS I HAVE OR MIGHT HAVE AGAINST EMPLOYERS.

    I HAVE CAREFULLY READ THIS ENTIRE AGREEMENT AND RELEASE. I FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ME ABOUT THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. I SIGN THIS AGREEMENT VOLUNTARILY.

Dated: _____, 2007

                                                 Ronald Fort

Dated: _____, 2007

                                                 Mike Marnot, Chief Executive Officer,
Options Central Coast Neuro Behavior Center, Inc.

# COMMUNITY SUPPORT SPECIALIST & JOB COACH PERFORMANCE REVIEW
## FOR 90-DAY, INITIAL 6-MONTH AND ALL SUBSEQUENT PERFORMANCE REVIEWS

| EMPLOYEE NAME: RONALD FORT | | JOB TITLE: CSS | | DEPARTMENT: ALLEGRO |
|---|---|---|---|---|
| DATE OF HIRE: 07/17/03 | DATE IN POSITION: 07/17/03 | TIME IN POSITION: Year: 3 | DATE REVIEW DUE: 07/17/06 | DATE OF NEXT REVIEW: 07/17/07 |
| REVIEWED BY: SHARON FULLER | | TITLE: CRISIS SERVICES MANAGER | | |

## SECTION I: PERFORMANCE

| FAR EXCEEDS STANDARDS 5 | EXCEEDS STANDARDS 4 | FULLY ACHIEVES STANDARDS 3 | NEEDS IMPROVEMENT TO MEET STANDARDS 2 | UNSATISFACTORY 1 |
|---|---|---|---|---|
| Job performance consistently exceeds job requirements and demonstrates an exceptionally high level of proficiency, far above the established standards. | Job performance consistently exceeds job requirements and demonstrates a high level of proficiency, above the established standards. | Job performance is consistent with job requirements and standards have been successfully attained. | Job performance reflects inconsistency in meeting job requirements. Improved performance is required in identified areas. | Job performance consistently falls below minimum job requirements, as evidenced by written documentation in employee file. Significant improvement must be demonstrated within 3 months to continue employment. |

| # | Performance Category | Far Exceeds Standards 5 | Exceeds Standards 4 | Achieves Standards 3 | Needs Improvement 2 | Unsatisfactory 1 |
|---|---|---|---|---|---|---|
| **A.** | **QUALITY OF WORK** | | | | | |
| 1 | Produces accurate and thorough work | | X | | | |
| 2 | Produces clear, concise, legible and timely ID Notes | | | X | | |
| 3 | Teaches ALS classes as scheduled | | | X | | |
| 4 | Pays attention to detail | | X | | | |
| 5 | Completes all assignments and duty rosters | | X | | | |
| 6 | Adheres to duties and procedures in job description | | X | | | |
| **B.** | **WORK HABITS** | | | | | |
| 7 | Maintains timely and accurate attendance record | | X | | | |
| 8 | Arrives to work on time | | X | | | |
| 9 | Attends staff meetings as scheduled | | | X | | |
| 10 | Requires little direction and supervision | | X | | | |
| 11 | Adapts well to changing circumstances and tasks | X | | | | |
| 12 | Works safely; ensures safe environment | | X | | | |
| 13 | Strives to improve work performance | | | X | | |
| 14 | Implements client ISP's as written | | | X | | |
| **C.** | **JOB KNOWLEDGE** | | | | | |
| 15 | Demonstrates skill and ability to perform job | | X | | | |
| 16 | Demonstrates interest in learning and improving | | | X | | |
| 17 | Is familiar with OPTIONS policies and procedures | | | X | | |
| 18 | Uses good judgement in resolving job problems | | X | | | |
| 19 | Attends in-service training according to Agency policy | | | X | | |
| **D.** | **BEHAVIOR/RELATIONS WITH OTHERS** | | | | | |
| 20 | Cooperates and contributes to team effort | | X | | | |
| 21 | Uses a positive tone of voice | | | X | | |
| 22 | Uses positive behavioral techniques | | | X | | |
| 23 | Establishes effective, professional rapport with clients | | X | | | |
| 24 | Responds positively to instructions or criticism | | | X | | |
| 25 | Records events in a timely manner | | | X | | |
| **TOTALS** (multiply number of checks by numerical value for rating) | | 5 | 52 | 33 | | |

SUM TOTAL OF BOXES: 90

## SECTION III: PLAN TO ADDRESS AREAS RATED AS UNSATISFACTORY OR NEEDING IMPROVEMENT:
None at this time.

## SECTION IV: STATUS OF REQUIRED TRAINING (attach training log):
Ron is current on all required training.

## SECTION V: REVIEW OF LAST YEARS GOALS, SET NEW GOALS:
**Last year:** There were not any goals established.
**New Goals:** Ron will remain current on all required training. Ron will continue to demonstrate flexibility in his schedule by filling in extra shifts if they are feasible to his schedule.

## SECTION VI: CONSUMER SATISFACTION RATING FOR EMPLOYEE'S PRIMARY PROGRAM

## SECTION VII: OVERALL RATING

Sum of column totals from Section I (Performance): **90**
Plus Consumer Satisfaction Evaluation Rating: **+ 25**
Equals TOTAL OVERALL EVALUATION RATING: **= 115**

An overall rating of 110-150, with no scores in the one (1) category and no more than one score in the two (2) category, qualifies the employee for a level 2 wage increase; a rating of 100-109, with no scores in the one (1) category and no more then three scores in the two(2) category, qualifies for a level 1 wage increase. No wage increase will be given for an overall rating below 100.

| 150 | 140 | 130 | 120 | 110 | 100 | 90 | 80 | 70 | 60 | 50 | 40 | 30 | 20 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 115 | | | | | | | | | | |

FAR EXCEEDS STANDARDS | EXCEEDS STANDARDS | FULLY ACHIEVES STANDARDS | NEEDS IMPROVEMENT TO MEET STANDARDS | UNSATISFACTORY

## SECTION VI: EMPLOYEE COMMENTS:

Employee's Signature: _Ronald W Finn_  Date: 10/30/06
Supervisor's Signature: _[signature]_  Date: 10/2/06
Program Manager's Signature: _____  Date: _____
Human Resources Signature: _____  Date: _____

C:\Documents and Settings\Manager\Desktop\Ron F annual 07-06.wpd

```
                                                                    20627
Fort, Ronald                       0208 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              07/19/2006
Income      Hours    Rate    Amount    Year    Tax/Deduction  Amount    Year
Holiday      8.00   17.25    138.00   793.50   Fed Tax        126.07   1790.53
Vac          0.00   17.25      0.00   276.00   FICA-E          72.14   1094.87
Rg Wages    64.00   17.25   1104.00 17715.75   Med-E           16.87    256.06
Ot Wages     0.00   25.875     0.00   239.35   CA Tax          26.82    396.62
  Totals:   64.00           1242.00 19024.60   CA SDI           9.31    141.29
                                               Cafe            78.45   1365.08
                                                Totals:       329.66   5044.45


                                                Period Beginning:  06/26/2006
Leave       Earn    Used   Use-YTD   Balance    Period Ending:     07/09/2006
Lve         3.94    0.00    16.00    208.88     This Check:            912.34



                                                                      2069
Fort, Ronald                       0208 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              08/02/200
Income      Hours    Rate    Amount    Year    Tax/Deduction  Amount    Year
Holiday      0.00   14.50      0.00   793.50   Fed Tax        136.07   1926.6
Vac         16.00   14.50    232.00   508.00   FICA-E          76.27   1171.1
Rg Wages    72.00   14.50   1044.00 18759.75   Med-E           17.84    273.9
Ot Wages     1.50   21.75     32.63   271.98   CA Tax          30.82    427.4
  Totals:   73.50           1308.63 20333.23   CA SDI           9.84    151.1
                                               Cafe            78.45   1443.5
                                                Totals:       349.29   5393.7


                                                Period Beginning:  07/10/2006
Leave       Earn    Used   Use-YTD   Balance    Period Ending:     07/23/2006
Lve         4.52   16.00    32.00    197.40     This Check:            959.34
```



Proposed 06/19/06

# Allegro Center
## MASTER STAFF SCHEDULE
9180 Barranco ■ Atascadero, CA 93422 ■(805)461-5330

| PROGRAM | BEGINNING DATE | ENDING DATE |
|---|---|---|
| Allegro Center | | |

| NAME | MON | TUES | WED | THURS | FRI | SAT | SUN | TOTAL HOURS | |
|---|---|---|---|---|---|---|---|---|---|
| ~~DSMDETECH~~ | | | | | | | | | |
| RON | ON | ON | | | | ON | ON | 32 | |
| ~~CS9~~ | | | | | | | | | |
| SHARON | | | | 7-3 | 7-3 | | | 16 | |
| JOE | | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | | 40 | |
| GLOSSIE | | | ON | ON | ON | ON | ON | 40 | |
| MATT | 3-11 | 11-5 | 7-3 | 3-11 | | | 3-11 | 38 | |
| JOSH | ON | ON | ON | ON | ON | | | 40 | |
| JUSTIN | 7-3 | 3-11 | 3-11 | | | 7-3 | 7-3 | 40 | |
| AL | | 7-1/ 3-5 | 7-3 | 7-3 | 7-3 | | | 32 | |
| REX | 3-11 | 3-5 | | | 3-11 | 3-11 | 3-11 | 34 | |
| DARRELL | 7-3 | 7-11 1-5 | | | | 7-3 | 7-3 | 32 | |
| | | | | | | | | | |
| OPEN SHIFTS | | | | | | | | | |
| | | | | | | | TOTAL | 344 | |

Here is the final Master Schedule please initial by your name I did my best to make everyone happy